SEMON BACHE & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46942. Promulgated February 17, 1931.

*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

MURDOCK: There was no appearance for the petitioner at the hearing, but counsel for the respondent filed a stipulation as follows:

1. In pursuance of a resolution of its Board of Directors, the petitioner applied on the 16th day of November, 1923, for insurance on the life of Joseph Dreyfuss, its President, payable to his wife, Rose Dreyfuss, and on the 10th day of October, 1923, for insurance on the life of Isidore Sobel, its Vice-President, payable to his wife, Lotta Sobel.

2. On the 20th day of November, 1923, policies of insurance were issued by the Union Central Life Insurance Company of Cincinnati on the lives of the aforesaid Joseph Dreyfuss and Isidore Sobel and made payable to the insureds' wives respectively as absolute beneficiaries thereunder.

3. The said Joseph Dreyfuss and Isidore Sobel were at the date of issuing the aforesaid policies and are now President and Vice-President respectively of the Petitioner.

4. During the years 1923, 1924, 1925, 1926, 1927 and 1928, the Petitioner in accordance with the aforesaid resolution paid the premiums necessary to keep said policies in force and charged said payments on its books to the operating expenses of the business and deducted the same in its income tax returns for the taxable years 1923, 1924, 1925, 1926, 1927 and 1928.

5. The petitioner is in no sense a beneficiary directly or indirectly under said policies of insurance.

The only other facts before us are those alleged in the petition and admitted in the answer setting forth that the petitioner is a corporation organized and existing under laws of the State of New York, with its principal office in New York City; the notice of deficiency

was mailed on the 18th day of November, 1929; and the taxes in controversy are income taxes for the calendar years 1926 and 1927 for which years deficiencies of $475 and $468.72, respectively, were determined.

The petitioner claims the right to deduct the insurance premiums. This claim needed proof of facts which would avoid the negative provision of section 215 (a) (4) which prohibits a deduction, and at the same time meet the requirements of section 234 (a) (1) which authorizes a deduction. Paragraph 5 of the stipulation is sufficient for the former purpose, but where are the facts showing that the amounts of the premiums represented ordinary and necessary expenses paid or incurred in carrying on the business of the petitioner? In its brief the petitioner attempts to remedy this situation by arguing, contrary to the stipulation, that it did derive some indirect benefit from the policies. But it must realize that in so seesawing it will get nowhere for when it moves far enough in that direction to do any good, away will go the other proof necessary to avoid section 215 (a) (4). Furthermore, we have not been told the amount of the premiums nor the basis on which the books were kept and the returns made.

*Judgment will be entered for the respondent.*